IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILLIAM DALE CARTER, § | |
| (IDOC #K97856) § | |
| Plaintiff, § | |
| § | |
| vs. § | CIVIL ACTION H-12-3447 |
| § | |
| STUART JENKINS, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ON PENDING MOTIONS

**I.     The Motion for the Appointment of Counsel**

Carter moved for the appointment of counsel. (Docket Entry No. 28). There is no constitutional right to the appointment of counsel in this civil case. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). The Fifth Circuit has identified factors a court should consider in deciding whether to appoint counsel:

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson v. Dallas Police Dep't*, 811 F.2d 260, 262 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

These factors lead the court to find that appointment of counsel is not warranted at this time. Carter's claims do not present complexities unusual in prisoner actions. Carter has so far shown that

he is able adequately to communicate and file pleadings. Examination of the type of evidence is premature. There is no basis to conclude that appointing counsel is necessary. Carter's motion for appointed counsel, (Docket Entry No. 28), is denied at this time.

## II.    The Motion for Summary Judgment

Carter moves for summary judgment on the ground that the Fifth Circuit has reversed this court's judgment. (Docket Entry No. 33). After the Fifth Circuit's remand, this court ordered service of process on the Texas Board of Pardons and Paroles. (Docket Entry No. 30). On February 5, 2014, the Office of the Texas Attorney General acting as *amicus curiae*, filed a request for clarification. (Docket Entry No. 34). This court responded to the request for clarification and entered a scheduling order. Carter's motion for summary judgment, (Docket Entry No. 33), is denied.

## III.   Remaining Motions

As noted, the court has entered a scheduling order for the Board to file a dispositive motion and for Carter to respond. Carter's motion to set cause for hearing, (Docket Entry No. 27), motion to set case for jury trial, (Docket Entry No. 35), and motion for judgment, (Docket Entry No. 36), are denied.

SIGNED on February 26, 2014, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge